IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MONICA K. EVERSON,

                                                       ORDER

             Plaintiff,

                                                     08-cv-618-bbc

     v.

CITY OF MADISON and
ROBERT D'ANGELO, in his
individual capacity,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this civil case for money damages arising out of allegations of sexual harassment against a former city of Madison official, the parties anticipated that much of the discovery would involve salacious allegations and extremely personal inquiries. Knowing that the depositions would have to be filed with the court under the court's long standing practice of requiring the filing of depositions so that they are available to the court when deciding summary judgment motions or preparing for trial, the parties drafted an agreed-upon protective order that was approved by the court on April 17, 2009. Dkt. #63.

     In a letter filed on October 28, 2009, Dee J. Hall, a reporter for <u>The Wisconsin State Journal</u>, asked the court to unseal the depositions of all public officials, redacted if necessary

1

to protect medical and health information. Dkt. #145. Magistrate Judge Stephen Crocker held a discovery hearing on November 18, 2009 that Hall attended. Although he did not memorialize the hearing, the parties agree that he advised Hall at that time that she would have to intervene before her request could be considered. She has never done so.

Hall wrote again on November 30, 2009, to ask whether the court had "made any use" of the depositions, arguing that if so, the deposition would be presumptively open under Bond v. Utreras, 585 F.3d 1061 (7th Cir. 2009). By letter dated December 10, 2009, the day that the order on the motion for summary judgment issued, I advised her that I had referred to one section of one volume of plaintiff's deposition, filed as dkt. #101. Although I did not elaborate on this use in the letter, I had occasion to check a particular proposed finding of fact that relied upon page 75 of Volume 1 of plaintiff's deposition, when I was deciding defendants' motion for summary judgment. Otherwise, I relied entirely on the proposed findings of fact submitted by the parties.

After it became apparent that the parties were going to settle the case, I issued an order on December 31, 2009, in which I stated my belief that the filed depositions should be unsealed and made available to the public and directing the parties to show cause no later than January 11, 2010 why the depositions should not be unsealed in whole or part, either because they were subject to the protective order or for any other reason. The parties have responded to the order. In addition, on January 15, 2010, the parties filed a stipulation to

withdraw and delete all 16 deposition transcripts. Dkt. #163. This motion was denied.

Two questions must be addressed at the outset, in light of the court of appeals' decision in Bond, 585 F.3d 1061: whether this court retains jurisdiction to determine the unsealing of the records now that the case has been settled and dismissed and whether Hall's failure to intervene before the case was closed makes her request moot. In Bond, the plaintiff had sued the City of Chicago and several police officers, contending that the officers had violated her constitutional rights. During discovery, the City turned over to plaintiff records of citizen complaints against police officers, but never filed the records with the court. After the parties reached a settlement of the case but before the district court had entered an order of dismissal, a journalist petitioned to intervene to challenge the protective order covering the confidential complaints. The court dismissed the case but held it open for the purpose of considering the petition to intervene. No party supported the motion to intervene and the City affirmatively objected to it. A few months after the case had been dismissed, the court granted the motion to intervene and lifted the protective order in its entirety.

The court of appeals vacated the order for lack of standing because "the controversy originally supporting the court's jurisdiction no longer existed at the time the court acted on" the petition. Id. at 1065. Therefore, the court said, it was the petitioner's burden to demonstrate his standing to intervene, showing that he met the requirements of Article III

3

because he faced an actual or imminent invasion of a legally protected interest. The petitioner did not claim a constitutional or common law right to challenge the protective order and could not, because the discovery materials to which he sought access had never been filed with the court. Until that happened, they remained private. Id. at 1066. He did not have a derivative First Amendment right from the plaintiff, who had never asserted an interest in disseminating the materials and he could not rely on any "'presumption' of public access emanating from Fed. R. Civ. P. 26(c)'s good cause requirement," again, because the discovery had never been filed and therefore, no presumption had ever arisen.

This case is like Bond in that it involves a requester who is not a party, but it is unlike Bond because the discovery materials at issue are all on file with the court. As court records, a presumption of openness attaches, which is why it was necessary for the parties to seek court approval before they could file their materials under seal. Id. at 1073 ("It is beyond dispute that most documents filed in court are presumptively open to the public"). Under these circumstances, the dismissal of a case does not cause the court to lose jurisdiction to determine whether any or all discovery materials are to remain sealed and the lack of an intervenor is immaterial. The court may make its own decision to make documents available to the public or to keep them under seal. As the court of appeals recognized in Bond, 585 F.3d at 1079, "'[e]very court has supervisory power over its own records and files'") (quoting Nixon v. Warner Communications, Inc., 435 U.S. 597, 598 (1978)).

I turn then to the substantive question, which is whether any or all of the depositions filed under the protective order should be unsealed in part or in whole to make them available to the public. Clearly, the small part of plaintiff's deposition on which I relied in deciding defendants' motion for summary judgment should be unsealed. Not only has it been used in a court proceeding, but it is not the subject of any renewed request to keep it sealed. Therefore, page 74 of Vol. 1 of Everson's deposition, dkt. #101, is ordered unsealed.

As to the depositions of the public officials, I have reviewed them all and see no reason why they should not be unsealed, subject to minor redactions to protect personal information of the officials, information provided about persons who are not parties to the case, medical and health information and in a small number of cases, statements summarizing hearsay statements made to them by non-management employees of defendant City of Madison, who were told that their statements would be kept confidential. The depositions focus on the activities of public officials in their work environment, not on their personal actions outside the workplace, making the officials' testimony the type of evidence the public is entitled to know about. With the redactions, the depositions contain no personal information that would conflict with a public official's reasonable expectation of privacy.

I see no reason to unseal any of the other depositions, either those of the parties that are larded with inadmissible statements as well as personal and potentially embarrassing

5

information or those of non-management employees of the city or persons who are not parties, witnesses or public officials. Unsealing these depositions would frustrate the reasonable expectation of privacy that the deponents had when they gave their testimony.

ORDER

IT IS ORDERED that the following depositions, with the redactions noted shall be filed with the court as unsealed documents not later than March 10, 2010. The parties must determine who will file each redacted transcript.

| DOCKET | DEPONENT NAME | PAGE | LINES OR PORTIONS OF LINES REDACTED |
|---|---|---|---|
| 107 | Paul Soglin | 4 | 4 |
| | | 25 | 18 (name only) |
| 108 | Susan JM Bauman | 4 | 9 |
| | | 13 | 25 |
| | | 14 | 1-4 |
| 112 | Roger Goodwin | 6 | 13 |
| 113 | Mary Ann Stalcup | 5 | 12-25 |
| | | 6 | 1-25 |
| | | 7 | 1-12 |

| 116 | David Cieslewicz | | |
|---|---|---|---|
| 117 | Janet Piraino | 6 | 22 & 24 |
| | | 11 | 2 (names only) |
| | | 35 | 10-11 (names only) |
| | | | 19-21 (names only) |
| | | 36 | 9 (names only) |
| | | 38 | 16 (name only) |
| | | 39 | 1 (name only) |
| | | | 14-25 |
| | | 40 | 1-6 |
| | | 43 | 12-13 (names only) |
| | | | 17 & 18 (names only) |
| | | | 22 (names only) |
| | | | 24 (names only) |
| | | 47 | 11 (name only) |
| | | 48 | 7, 8 & 13 (name only) |
| | | 49 | 16 (name only) |
| | | 50 | 8-25 |
| | | 51-58 | 1-10 (pg 51) through p 58, line 16 |
| | | 58 | 23 (name only) |
| | | 59 | 5 (name only) |

|  |  |  |  |
|---|---|---|---|
|  |  |  | 17 (names only) |
|  |  |  | 20-21 |
|  |  |  | 23 (names only) |
|  |  |  | 25 |
|  |  | 60 | 1-18 |
| 119 | John Hamilton | 9 | 2-3 |
|  |  |  | 5 |
|  |  | 30 | 9-25 |
|  |  | 31 | 1-25 |
|  |  | 32 | 1-8 |
| 120 | James Hess | 6 | 23-24 |
|  |  | 7 | 1&3 |
|  |  | 9 | 22-24 |
|  |  | 10 | 12-19 |
|  |  | 11 | 12-13 |
|  |  | 19 | 11 (name only) |
|  |  |  | 13-14 (name only) |
|  |  |  | 18 (name only) |
|  |  | 20 | 21 (name only) |
|  |  | 30 | 5 (name only) |
|  |  | 34 | 12-16 |
|  |  | 36 | 16 (name only) |
|  |  |  | 24 (name only) |

Case: 3:08-cv-00618-bbc Document #: 173 Filed: 02/17/10 Page 8 of 10

|  |  |  | 37 | 5 (name only) |
|---|---|---|---|---|
|  |  |  |  | 10 (name only) |
|  |  |  | 43 | 22 (name only) |
|  |  |  |  | 24 (name only) |
|  |  |  | 44 | 4 (name only) |
|  |  |  | 45 | 21 (name only) |
|  |  |  | 46 | 12 (name only) |
|  |  |  |  | 23 (name only) |
|  |  |  | 47 | 18 (name only) |
|  |  |  | 49 | 8 (name only) |
|  |  |  |  | 25 (name only) |
|  |  |  | 50 | 18-23 (name only) |
|  |  |  | 51 | 21 (name only) |
|  |  |  | 52 | 6-25 |
|  |  |  | 53 | 1-3 |
|  |  |  | 54 | 9 (name only) |
|  |  |  | 55 | 4-17 |
|  |  |  | 57 | 1 (name only) |
|  |  |  |  | 3 (name only) |

Case: 3:08-cv-00618-bbc Document #: 173 Filed: 02/17/10 Page 9 of 10

Entered this 17th day of February, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge